UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | Case Number: 1:19-cr-00805-1 |
| ) | |
| v. ) | Hon. Judge Steven C. Seeger |
| ) | |
| **LUIS ARROYO** ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S SUPPLEMENTAL RESPONSE AND STATEMENT**

The Defendant, Luis Arroyo, through his Attorney, Michael P. Gillespie, responds to this Honorable Court's request for additional information pertaining to the Defendant's loss amount and if a bribe was received by the Defendant.

As asked by this Honorable Court:

**First, what is the basis for Defendant's suggestion that the future payments to Senator A's nominee would have totaled only $2,500, not (as the government suggests) $25,000? As the Court understands the facts, Defendant and Senator A agreed to a monthly payment of $2,500 for one year, totaling $30,000. If that's right, then the remaining payments were $25,000, not $2,500. Second, in Defendant's view, why don't any payments to Defendant himself count when calculating the loss amount? Is it Defendant's position that Defendant never received a bribe at all? In sum, Defendant must explain the basis for the proposed loss amount of $7,500.**

In accepting responsibility and pleading guilty to Count One of the superseding indictment, Luis Arroyo did admit to involvement in providing two checks for $2,500 each from co-defendant James Weiss to State Senator A, who was at that time was cooperating with the government in the hopes of reducing his liability for successive criminal tax charges. Mr. Arroyo additionally admitted to involvement with an anticipated $2,500 payment to be paid from Mr. Weiss to State Senator A in October 2019. The payments at issue in this case were made after

1

State Senator A began cooperating with the government and began arranging meetings with Mr. Arroyo in August 2019.

Without question, Mr. Arroyo did accept money from co-defendant James T. Weiss to provide to State Senator A as part of the bribery scheme. He does not deny his role and participation in the instant offense and accepts full responsibility for his actions. It is the position of the Defense that Mr. Arroyo was not the recipient of a bribe but rather a conduit for the bribe between Mr. Weiss and State Senator A. Of the $5,000 tendered to State Senator A, Mr. Arroyo did not receive any part of it. The contemplated $2,500 check to be paid to State Senator A in October 2019 was also to go to State Senator A in its entirety.

As this Honorable Court is well aware, the Government has the burden of proving the loss amount. Mr. Arroyo acknowledges and understands that there was a proposed consulting contract between Mr. Weiss and State Senator A in the amount for $30,000 with $2,500 payments to be paid on the 7th of each month between August 1st, 2019, and July 31st, 2020. However, this contract was never signed and sent back. The contract itself was never executed.

As it relates to the loss amount the argument by the Defense is a purely legal one. As previously stated, Mr. Arroyo does not deny any wrongdoing as to his part in this scheme. He accepts responsibility for his actions and makes no excuse for them whatsoever. The loss amount figure outlined by the Defense is one in which there is no ambiguity as to the amount.

As outlined by this Honorable Court, "the $7,500 figure outlined by the Defense includes the $5,000 in payments made to Senator A's nominee as well as an additional check payment that was anticipated to be made in October of 2019 as a 'benefit to be received' and value 'to be obtained' as outlined by" the Sentencing Guidelines. See Def.'s Supp. Mem., at 7 (Dckt. No. [120]). As the Court correctly points out, there were two checks for $2,500 (each) paid to

Senator A's nominee. (Dckt. No. [119]-1). The additional $2,500 that the Defense attributes to the loss amount was the payment that was in the process of being tendered for the month of October 2019.

As of this date there was no executed contract between Mr. Weiss and State Senator A's nominee and thus payments were being made on monthly basis thus Defense's certain concrete calculation of a loss amount of $7,500 with the understanding that there was an unexecuted contract for $30,000. If this Honorable Court finds there is no ambiguity as to the terms of this contract being applied to the loss amount, the Defense would agree that this is the accurate loss amount for purposes of guideline calcuations.

As to payments received by Mr. Arroyo directly, they are discussed in detail as part of the Defendant's Supplement to Sentencing Memorandum. (Dckt. No. [120]). In summary, Mr. Arroyo was contracted by Mr. Weiss to do legal lobbying work with the City of Chicago on behalf of sweepstakes legislation. This is evidenced by text messages between Mr. Arroyo and Mr. Weiss detailing meetings, efforts and communications with City Aldermen as well as grand jury testimony. See Def.'s Supp. Mem. at 2-6 (Dckt. No. [120]). It was not until Mr. Arroyo began his participation in the bribery scheme with Mr. Weiss and State Senator A that he performed an illegal act. As a result, these payments to Mr. Arroyo should not be included in the loss amount.

Again, Mr. Arroyo does not make any excuses for his conduct, nor does he deny criminal wrongdoing. Mr. Arroyo respectfully asks this Honorable Court to take into consideration the arguments in his Supplemental Response and Statement.

Respectfully submitted,

*[signature]*

Michael P. Gillespie
*Attorney at Law*
The Law Offices of Gillespie & Gillespie
53 W. Jackson Blvd. Suite 1062
Chicago, IL 60604
Tel. (312) 588-1281
Fax (312) 588-1284
michael@gillespieandgillespielaw.com

# CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States, Northern District of Illinois and said filing complies with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      Sincerely,

      */s/ Michael P. Gillespie*

Michael P. Gillespie
*Attorney at Law*
The Law Offices of Gillespie & Gillespie
53 W. Jackson Blvd. Suite 1062
Chicago, IL 60604
Tel. (312) 588-1281
Fax (312) 588-1284
michael@gillespieandgillespielaw.com